UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 6:11-CR-25-GFVT-HAI-2 |
| | ) | No. 6:15-CV-07403-GFVT-HAI |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| DOYLE STANFORD FRITTS, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |
| | ) | |

*** *** *** ***

On May 26, 2015,[1] federal prisoner Doyle Stanford Fritts, proceeding *pro se*, filed a motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. D.E. 290. His petition alleges various grounds of ineffective assistance of counsel and includes a request for an evidentiary hearing. D.E. 290-1 at 18. The United States has responded to Defendant's motion. D.E. 297. On September 21, 2015, Defendant filed a reply. D.E. 306. The motion is therefore ripe for review.

For the reasons explained below, the undersigned **RECOMMENDS** that Defendant's motion be **DENIED** on the merits.

## I. Factual Background

On March 9, 2011, an FBI agent filed a complaint against Defendant alleging that he had distributed a quantity of pills containing oxycodone. D.E. 1. Eric Edwards was appointed as counsel for Defendant pursuant to the Criminal Justice Act. D.E. 2. Ultimately a second

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray,* 290 F.3d 810, 812-13 (6th Cir. 2002). Though the Motion was not docketed until June 2, 2015, Fritts affirmed under penalty of perjury that he placed the Motion in the prison mailing system on May 26, 2015. D.E. 290 at 6-7.

superseding indictment, returned on January 5, 2012, charged Defendant and co-defendant Jerry Lee Fritts with conspiracy to distribute a quantity of pills containing oxycodone, in violation of 21 U.S.C. §§ 841 and 846.  D.E. 140 at 1.  Further, they were charged with aiding and abetting each other to distribute a quantity of pills containing oxycodone, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.  *Id.* at 2.  Defendant was also charged with another count of distribution of a quantity of pills containing oxycodone.  *Id.*  Finally, the second superseding indictment charged Defendant with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and conspiracy to corruptly persuade another with the intent to influence, delay, and prevent their testimony in an official proceeding, in violation of 18 U.S.C. § 1512(k).  *Id.* at 2-3.

On February 28, 2012, following a jury trial, Defendant was found guilty of four of the five counts of the second superseding indictment.  D.E. 202.  Defendant was convicted of Counts 1, 2, and 3 related to the distribution of oxycodone, and Count 4 which charged possession of a firearm by a convicted felon.  *Id.*  Defendant was found not guilty of the obstruction of justice charge in Count 5.  *Id.*  After the trial, Defendant filed a motion for judgement of acquittal as to the firearms conviction, and a motion for new trial.  D.E. 206, 207.  The district court denied both motions.  D.E. 240.

Defendant's Presentence Investigation Report (PSR) found that he distributed an amount of oxycodone with a total marijuana equivalency of 90.45 kilograms.  D.E. 254 at 10.  This resulted in a base offense level of 24.  *Id.*  This level was increased by four total levels for possessing a dangerous weapon during the offenses and for obstruction of justice, for a total of 28.  *Id.* at 10-11.  The PSR found that for Count 4 the total adjusted offense level was 26.  *Id.* at 11.  Thus, pursuant U.S.S.G. § 3D1.3(a), the PSR determined Defendant's combined adjusted offense level to be 28.  *Id.* at 12.

The PSR calculated that Defendant's subtotal criminal history score as 19 and added two points, pursuant to U.S.S.G. § 4A1.1(d), because he was on parole at the time of the instant offenses. *Id.* at 17. Thus, Defendant's 21 criminal history points established a criminal history category of VI. *Id.* With a total offense level of 28 and a criminal history category of VI, the PSR found that Defendant's Guidelines Range was 140 to 175 months imprisonment. *Id.* at 23.

Prior to his sentencing, Defendant sent a letter to the Court indicating that he was unhappy with his counsel and stating that he "acknowledged to what [he had] done and [he was] extremely sorry[.]" D.E. 248. At his sentencing on December 20, 2012, Defendant indicated that he in fact was satisfied with the advice, counsel, and representation he had received from Mr. Edwards. D.E. 269 at 3. Moreover, Defendant stated that he had sufficient time to discuss the PSI with counsel and have all his questions answered. *Id.* at 2-3.

During the sentencing hearing, Defendant, through counsel, objected to the marijuana equivalency in the PSR, the two-point increase for obstruction of justice, and the firearm enhancement. *Id.* at 5, 16, 27. District Judge Van Tatenhove overruled each objection, and adopted and accepted the findings of the PSR. *Id.* at 15, 27, 37. Judge Van Tatenhove varied upward from Defendant's Guidelines Range, and sentenced Defendant to 180 months of imprisonment on each of Counts 1 through 3, and 120 months of imprisonment on Count 4, to be served concurrently. D.E. 251 at 2. Defendant was sentenced to three years of supervised release to follow imprisonment. *Id.* at 3.

Defendant appealed to the United States Court of Appeals for the Sixth Circuit, which affirmed his conviction on February 27, 2014. D.E. 270. Defendant did not file a petition for a writ of certiorari to the Supreme Court of the United States. On May 26, 2015, Defendant filed

his motion under § 2255. D.E. 290. In his motion and attached memorandum, Defendant alleges four Grounds of relief:

    1)     Ineffective Assistance of Counsel During Plea Negotiations which caused Defendant to Reject the Government's Plea Offer. D.E. 290-1 at 6.

    2)     Ineffective Assistance of Counsel for Failing to Advise Defendant of possibility of entering an Open Plea. *Id.* at 12.

    3)     Ineffective Assistance of Counsel for Failing to Object to the Inclusion of Convictions too old to be used in Defendant's Criminal History Calculation. *Id.* at 15.

    4)     Prejudice from Cumulative Errors of Counsel. *Id.* at 17.

Each Ground will addressed in turn.

## II. DISCUSSION

### A. Right to Collateral Attack

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because a sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255. To prevail on a section 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). By contrast, to obtain habeas relief based on an alleged non-constitutional error, a defendant must establish a "fundamental defect which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process." *Id.* at 488 (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). As the section 2255 movant, a defendant bears the burden of proving his or her allegations by a preponderance of the evidence.

*McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

Additionally, the Court recognizes that Defendant is proceeding pro se, or without the assistance of an attorney. Pro se motions receive a comparatively lenient construction by the Court. *Castro v. United States*, 540 U.S. 375, 381-83 (2003); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed'").

## B. Ineffective Assistance of Counsel

All four of Defendant's Grounds for relief are based on ineffective assistance of counsel. To successfully assert an ineffective assistance of counsel claim, a defendant must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (noting that a defendant must prove ineffective assistance of counsel by a preponderance of the evidence). In order to prove deficient performance, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. A defendant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id.* at 688. However, a defendant is not permitted to second-guess trial counsel's strategic decisions. *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002). Thus, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be

considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotations omitted). Notably, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

Deficient performance is considered constitutionally prejudicial only when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. In order to prove prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. When evaluating prejudice, courts generally must take into consideration the "totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695. Courts may approach the Strickland analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id.* at 697.

**1. Ground One: Ineffective Assistance of Counsel During Plea Negotiations**

Defendant's first Ground for relief claims ineffective assistance of counsel during plea negotiations. A criminal defendant has a right to effective assistance of counsel during plea negotiations. *Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012). A petitioner who claims that he was denied effective assistance of counsel with regard to whether or not to plead guilty must first prove that counsel rendered constitutionally deficient performance. *Humphress v. United States*, 398 F.3d 855, 859 (6th Cir. 2005) (citing *Magana v. Hofbauer*, 263 F.3d 542, 547-48 (6th Cir. 2001)). Second, in the context of a plea agreement not entered into, he must establish that:

> but for the ineffective advice of counsel there is a reasonable probability that the
> plea offer would have been presented to the court, i.e., that the defendant would

> have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances, and also that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler v. Cooper*, 132 S.Ct. 1376, 1385 (2012). Here, Defendant has not met his burden to establish either that counsel was deficient, or that, if counsel was deficient, there was a reasonable probability he would have accepted a plea proposal.

The alleged factual basis for Ground One involves two separate plea discussions Defendant had with Edwards. First, Defendant alleges that, in June 2011, "Edwards was engaged in plea negotiations with the government." D.E. 290-1 at 7. Defendant attached to his § 2255 motion a letter from Edwards to Defendant dated June 2, 2011. *See* D.E. 290-2 at 2. In the letter, Edwards advises Defendant that he was "discussing plea possibilities with the prosecutor," specifically a plea to one of the drug charges with dismissal of the gun charge, but Edwards stated "I don't have an answer at this point but just letting you know that's what I'm currently working on." *Id.* According to the letter, Edwards had also made a Guidelines estimate. Pursuant to U.S.S.G. § 2D1.1, the weight of the alleged pills distributed would result in a base offense level of 12. *Id.* Edwards informed Defendant that, with a timely plea, he "would receive a two-level reduction," and that, with a Criminal History Category of VI, it would result in a Guideline Range of "24-30 months." *Id.* Edwards further wrote Defendant that "if you are classified as a career offender under 4B1.1 (copy enclosed), your base offense level would jump up to 32" but that, in this scenario, Defendant "could receive a three-level reduction upon a plea" resulting in a Guidelines Range of "151-188 months." *Id.* Finally, Edwards informed Defendant that "[b]efore any move is made, I am consulting with Probation and Parole to see if they would classify you as a career offender." *Id.*

7

According to Defendant, Edwards "failed to explain the elements of the gun and drug charges in this case and the quantium [sic] of proof required for the government to obtain a conviction on those charges." D.E. 290-1 at 8. Defendant also alleges that Edwards "did not explain how the Guidelines would apply had [Defendant] proceeded to trial versus if he accepted a plea agreement[.]" *Id.* Nonetheless, Defendant alleges that he "informed Edwards that he would accept a plea agreement under the terms asserted [in the letter] provided Edwards did the research to determine whether the Career Offender Guidelines enhancement applied[.]" *Id.*

Here, in regards to the plea negotiations of June 2011, Defendant cannot establish either the deficient performance or the prejudice prongs of the *Strickland* analysis. First, Edwards's performance in June 2011 was not deficient based on the facts alleged by Defendant. Each potential Guidelines calculation made by Edwards, and conveyed to Defendant, was correct based on the information provided. Under the 2010 Guidelines Manual (in effect in June 2011), assuming that the drug quantity was eighteen 30 mg Oxycodone pills, the marijuana equivalency would be 3.618 KG of marijuana. *See* U.S.S.G. § 2D1.1 (2010). This would have resulted in a level 12 base offense level, and factoring in the two-level reduction for acceptance of responsibility, would likely have resulted in a total base offense level of 10. *See id.;* U.S.S.G. § 3E1.1 (2010). Assuming a Level VI Criminal History Category (the highest), Defendant's Range would have been 24-30 months. U.S.S.G. Sentencing Table (2010).

Similarly, Edwards's calculation of Defendant's potential Guidelines Range if he was classified as a career offender was correct. Pursuant to the 2010 version of Guidelines, if a Defendant was found to be a career offender, his offense level would be increased depending on the statutory maximum for the offense charged. *See* U.S.S.G. § 4B1.1 (2010). In June 2011, the statutory maximum penalty that Defendant was facing was not more than 20 years imprisonment.

D.E. 12 at 6.  Thus, pursuant to U.S.S.G. § 4B1.1, if Defendant was a career offender his base offense level would have been a 32.  U.S.S.G. § 4B1.1 (2010).  If Defendant pleaded guilty, he likely would have received a three-point reduction for acceptance of responsibility.  *See* U.S.S.G. § 3E1.1 (2010).  Again assuming a Level VI Criminal History Category, and a level 29 offense level, Defendant's Range would have been 151-188 months.  U.S.S.G. Sentencing Table (2010).

All of these calculations are consistent with those contained in the June 2, 2011 letter to Defendant from Edwards.  While it is true that "any prediction of the ultimate guideline range is usually inexact," Edwards's estimates of Defendant's potential Ranges appear to be accurate based upon the facts known at the time and the assumptions made by Edwards.  *See Bibbs v. United States*, No. 1:03-CV-189, 1:00-CR-84, 2005WL 3416476, at *5 (E.D. Tenn. 2005).  Moreover, Defendant does not allege that any of the advice that Edwards conveyed to him was inaccurate.  Therefore, it is unclear how Edwards was deficient in any way.  *See also Thomas v. United States*, 27 F.3d 321, 326 (8th Cir. 1994) (failure of defense counsel to advise defendant of possibility of career offender enhancement did not fall below an objective standard of reasonableness)

Assuming arguendo that somehow Edwards was deficient in the June 2011 communications, there was no reasonable probability that, but for this deficient performance, Defendant would have plead guilty.  Defendant has provided no proof, beyond his bare assertion, that there was ever a plea agreement offered to him in June 2011.  Defendant states that he told Edwards that he would accept a plea agreement under the terms of a Guidelines Range of 24-30 months.  D.E. 290-1 at 8.  However, there is no evidence that a plea agreement with those terms was ever offered.

Defendant merely alleges that "there is extra-record evidence of at least two offers extended to [Defendant]…that had sentencing ranges from between 24-30 months and 92-115 months." *Id.* at 11. As opposed to the latter plea agreement offer in which he provides ample evidence of its existence, Defendant has failed to provide any indication that he was ever offered a plea which would have resulted in a sentence of 24-30 months. Edwards's June 2, 2011 letter indicates that he had "been discussing plea possibilities with the prosecutor." D.E. 290-2 at 2. This is not enough to meet Defendant's burden to establish prejudice. Therefore, he has failed to prove ineffective assistance with regard to the June 2011 plea negotiations.

Second, Defendant alleges that Edwards was ineffective during plea negotiations in December 2011. D.E. 290-1 at 8. Defendant replies upon an email from the prosecutor in his case to Edwards, which contained an attached plea agreement offer. D.E. 290-2 at 3. This agreement was forwarded to Defendant on December 30, 2011. *Id.* at 4. The terms of the plea agreement would have required Defendant to plead guilty to Count 4 (distribution of a quantity of pills containing oxycodone), Count 5 (felon in possession of a firearm), and the forfeiture allegation. *Id.* at 5-6. It further provided that Defendant's total base offense level, including a two-point increase for obstruction of justice and a three-point decrease for acceptance of responsibility, would be a 23. *Id.* at 9. The proposed plea agreement further stated that "[n]o agreement exists concerning the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4." *Id.*

Defendant alleges that "[i]n advising [Defendant] whether to accept this proffered plea agreement, however, Edwards was again unable to inform him whether the Career Offender enhancement applied[.]" D.E. 290-1 at 9. Defendant states that he "requested Edwards to determine the extent to which the Career Offender enhancement would apply prior to accepting

the plea agreement, but Edwards failed to do so[.]" *Id.* at 10. Because of this failure, Defendant states that he "proceeded to trial believing he had no other reasonable alternative based on the advise [sic] (or lack thereof) of counsel." *Id.* Defendant argues that "it simply was not reasonable for counsel to abandon further inquiry into the applicability of the Career Offender enhancement." *Id.* at 10.

However, in his reply, contrary to his earlier description of the facts, Defendant states that Edwards "misadvised him that he <u>was</u> eligible for the enhanced sentence under U.S.S.G. 4B1.1[.]" D.E. 306 at 2 (emphasis in original). Defendant argues that he "rejected a reasonable plea offer, because of his counsel's incorrect advice." *Id.* Moreover, Defendant argues that his Declaration attached to his § 2255 motion provides proof that he would have accepted the plea agreement but for counsel's deficient performance. *Id.* at 3; *see* D.E. 290-3 at 4 ("Had I been properly advised by Edwards…I would have entered into the plea agreement offered to me by the government[.]").[2]

No matter whether Edwards told him he *was* eligible for the career offender enhancement as alleged in his reply or told him that he *may* be eligible for the enhancement as alleged in his motion, Defendant has not established deficient performance of counsel. First, under the factual scenario alleged in his § 2255 motion, defense counsel was not deficient because he fully advised Defendant of the sentencing possibilities under the Guidelines. Defendant had previously been informed by counsel that, in the event that the career offender enhancement applied, his base offense level would increase to a 32. *See* D.E. 290-2 at 2. As discussed above, Edwards's calculation of Defendant's potential Guidelines Range if Defendant was classified as a career offender was correct. Pursuant to the 2011 version of Guidelines in effect at the time of these

---

[2] The Court notes that Defendant's Declaration attached to his § 2255 is also directly contradictory to his reply's allegations. The Declaration, like his § 2255 motion and memorandum, indicates that Edwards never advised him, one way or the other, regarding his eligibility for the enhancement.

negotiations,[3] if Defendant was found to be a career offender, his offense level was increased depending on the statutory maximum for the offense charged, which, in this case, would be a 32. *See* U.S.S.G. § 4B1.1 (2011).    Moreover, the plea agreement specifically stated that the recommended offense level was 23.    *See* D.E. 290-2 at 9.    Therefore, Defendant was fully advised of the likely Range if the enhancement applied, and the likely Range that would result from the plea agreement.

Ultimately, Defendant's argument here is that Edwards, despite Defendant's instructions to do so, was unable to definitively tell him whether or not the career offender sentencing enhancement would apply to his case.    However, this, even if true, does not rise to the level of deficient performance of counsel.    At any point before the final sentence is imposed, "[t]here are a myriad of factors that go into the determination of the applicable guideline range.    Some of those factors only come into play after a defendant pleads guilty."    *Bibbs v. United States*, No. 1:03-CV-189, 1:00-CR-84, 2005 WL 3416476, *5 (E.D. Tenn. December 13, 2005).    Therefore, "any prediction of the ultimate guideline range is usually inexact."    *Id.*    Moreover, "[an] attorney's representation[]…regarding the sentencing range [is] at best merely an estimate reflecting what he believe[s] the likely range would be."    *United States v. Sweeney*, 878 F.2d 68, 70 (2d Cir. 1989).

Here, based on Defendant's own allegations, counsel correctly advised Defendant on the different sentencing possibilities, including the career offender enhancement and the corresponding imprisonment ranges from the Guidelines.    At the point in plea negotiations challenged by Defendant, any prediction regarding his ultimate Guidelines Range would have

---

[3] During the December 2011 plea negotiations, the 2011 Sentencing Guidelines would have applied as opposed to the June 2011 plea negotiations when the 2010 version of the Guidelines was in effect.  The Court notes however, that the relevant Guidelines provisions discussed here did not materially change from the 2010 version to the 2011 version of the Guidelines.

been inexact, so an inability to definitively advise as to whether the career offender enhancement applied is not deficient performance. Moreover, the proposed plea agreement, which Defendant does not allege he did not read or understand, specifically states that "[n]o agreement exists concerning the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4." D.E. 290-2 at 9. Therefore, Defendant was fully aware that neither the United States nor defense counsel could accurately assess whether the career offender enhancement would apply at the time.

In the alternative, in his reply, Defendant asserts that Edwards "misadvised him that he was eligible for the enhanced sentence under U.S.S.G. 4B1.1[.]" D.E. 306 at 2 (emphasis in original). However, even if this is accepted as true, Defendant has not established deficient performance. "[A] 'mere inaccurate prediction, standing alone, [does] not constitute ineffective assistance.'" *United States v. Arvanitis*, 902 F.2d 489, 494 (7th Cir. 1990) (quoting *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986)). *See also United States v. Turner*, 881 F.2d 684 (9th Cir. 1989) (an inaccurate prediction under sentencing Guidelines does not constitute ineffective assistance), *overruled on other grounds United States v. Rodriguez-Razo*, 962 F.2d 1418 (9th Cir. 1992); *Thomas v. United States*, 27 F.3d 321, 326 (8th Cir. 1994) (failure of defense counsel to advise defendant of possibility of career offender enhancement did not fall below an objective standard of reasonableness). If defense counsel inaccurately advised defendant that the sentencing enhancement would apply, that does not, standing alone, establish deficient performance of counsel.

Moreover, Defendant has failed to sufficiently establish prejudice based upon the alleged deficient performance of counsel. Again, in the plea negotiation context, to establish prejudice Defendant must prove that but for the deficient performance he would have accepted the plea

13

offer, that the government would not have withdrawn the offer, that the court would have accepted its terms, and the conviction/sentence would have been less severe than under the judgment actually imposed.  *See Lafler v. Cooper*, 132 S.Ct. 1376, 1385 (2012).  There is nothing in the record to suggest that the government would not have withdrawn its offer, that it would have been accepted by the court, or that the sentence would have been less severe than the one actually imposed.  Defendant has not met his burden to show these components of prejudice under *Lafler*.

Defendant asserts that "had counsel effectively advised [Defendant] of the non-applicability of the Career Offender with respect to his option to go to trial or plead guilty, there is a reasonable probability that [Defendant] would have accepted a plea agreement[.]"  D.E. 290-1 at 10.  Moreover, Defendant alleges that "97% of federal cases are resolved through plea bargaining" and again asserts that there is evidence of his "willingness to accept a plea without a Career Offender enhancement that had sentencing ranges from between 24-30 months and 92-115 months."  *Id.* at 10-11.

These conclusory statements are not enough to warrant a finding of prejudice. First, there is no evidence that an offer resulting in a Guidelines Range of 24-30 months was ever actually extended to Defendant.  The plea agreement that was offered expressly disclaimed establishing his criminal history category.  Second, Defendant's bare assertions that he would have accepted the December plea offer are refuted by the record.  As analyzed above, Defendant was fully aware of the potential enhancements and the advisory Guidelines Range yet still did not accept the government's plea offer.  Moreover, particularly to the firearm charge, Defendant maintained his innocence, and testified as much at trial.  *See* D.E. 233 at 21-29 (Defendant testifying to his innocence regarding the gun charge).  Regarding the firearm charge, Defendant testified that he

was "admitting" to the crimes he was "guilty of but [he did not] want to admit something that [he did not] do." *Id.* at 29.  The December plea offer would have required him to plead guilty to the felon-in-possession of a firearm charge.  *See* D.E. 290-2 at 5-6.

Finally, Defendant's statement that Edwards failed to "explain the elements of the gun and drug charges in this case and the quantium [sic] of proof required for the government to obtain a conviction on those charges" is not supported by the record.  Defendant fails to support these allegations with any elaboration or citation to additional evidence.  As such, these conclusory allegations do not meet the burden placed on Defendant to establish ineffective assistance of counsel.

Defendant has failed to meet either of the requirements of *Strickland*.  Thus, Ground One fails.

## 2.  Ground Two:  Ineffective Assistance of Counsel for Failing to Advise about Open Plea

Defendant's next allegation of ineffective assistance of counsel is based upon Edwards's alleged failure to advise Defendant of the possibility of entering an open plea.  D.E. 290-1 at 12. According to Defendant, during plea discussions he had with Edwards, "the possibility of making an open plea, or 'blind plea' was never explained." *Id.*  Defendant argues that "but for [Edward's] deficient advice, [Defendant] would have pleaded guilty and received a lower sentence by application of a 3-point reduction for Acceptance of Responsibility under the Guidelines." *Id.* at 14.

Here, Defendant has failed to meet his burden to establish prejudice, therefore this claim fails.  *See Strickland*, 466 U.S. at 697 (Courts may approach the Strickland analysis in any order, and an insufficient showing on either prong ends the inquiry).  Again, this is a claim asserting deficient performance of counsel during plea negotiations.  Therefore, in order to establish

15

prejudice Defendant must establish that there was a reasonable probability that he would have entered an open guilty plea. *See Lafler v. Cooper*, 132 S.Ct. 1376, 1385 (2012). According to Defendant, but for Edwards deficient performance, he would have entered into open plea and received a three-point reduction for acceptance of responsibility. D.E. 290-1 at 14.

Defendant's allegations do not create a "reasonable probability" for several reasons. First, the evidence does not support any likelihood of a lower sentence. Pursuant the 2011 Sentencing Guidelines Manual, in order to qualify for a full three-point decrease for acceptance of responsibility, the United States must make a motion indicating that a defendant has assisted authorities in the investigation or timely notified prosecutors of his intention to plead guilty. U.S.S.G. § 3E1.1(b) (2011). Therefore, without the United States motion, Defendant would not have been even eligible to receive a three-point reduction. Defendant possilby would have been entitled to a two-point reduction, but without the motion of the United States, he would have been unable to receive the full three-point reduction as he alleges.

Additionally, Defendant steadfastly refused to admit guilt on the felon-in-possession charge. Thus, he presumably would have gone to trial on this charge even if he pled guilty to the drug charges, jeopardizing any potential acceptance of responsibility reduction. Moreover, proceeding to trial on the firearms charge, given that he was convicted on that charge, muddles the analysis of any potential sentence. For all these reasons, Defendant has failed to establish prejudice on Ground Two.

The cases cited by Defendant do not affect this analysis. In *United States v. Bennett*, 588 F. App'x 159 (3d Cir. 2014), the Third Circuit found defense counsel was ineffective when, among other things, he failed to advise his client about entering an open guilty plea. In *Bennett*, the District Court found that the defendant had demonstrated that he was going to trial regardless

16

of any plea offers and thus could not establish prejudice. *Id.* at 160-161. However, the Third Circuit held that this finding was incorrect, as any indications by the defendant that he wanted to make the government prove its case were based in large part on incorrect legal advice from his counsel. *Id.* at 161. Notably, the court stated "[t]his opinion does not have any precedential value." *Id.* at 160. Similarly, in the other case cited by Defendant, the evidence suggested that the defendant believed the only way to plead guilty was through a plea deal based upon cooperation with the government. *United States v. Turner*, Criminal No. 4:00-CR-260-Y, 2007 WL 1521115 (N.D. Tex. May 23, 2007). Here, Defendant's assertions of innocence in regards to the felon-in-possession charge were not based on any incorrect legal advice, but stemmed from his consistent denial of guilt. Moreover, there is no allegation that Defendant believed he would be required to cooperate with the government in order to plead guilty. Thus, neither case supports Defendant's claim.

Defendant has failed to meet his burden to establish prejudice. This claim fails.

**3. Ground Three: Ineffective Assistance of Counsel for Failing to Object to Criminal History Calculation**

Defendant's third Ground is that "[c]ounsel rendered ineffective assistance of counsel for failing to object to the inclusion of certain prior convictions to [sic] old to be used in [Defendant's] criminal history calculus under USSG § 4A1." D.E. 290-1 at 15. Defendant states that there were "a number of prior convictions that should have been objected to and excluded from his Criminal History" because they were "too old for consideration." *Id.* Defendant argues that there was "no strategic reason for counsel's error" and that a "familiarity with the sentencing Guidelines is critical in criminal proceedings. *Id.* at 16. Defendant points to five prior convictions that he argues should not have been included in his criminal history calculation:

1. Burglary 3rd Degree; Whitley County Circuit Court: 2 years imprisonment (suspended), 5 years probation, imposed on February 21, 2001. Probation revoked, 1 year imprisonment imposed on January 28, 2003.

2. Theft by Unlawful Taking and Wanton Endangerment 2nd Degree; Whitley County Circuit Court: 1 years imprisonment (suspended), 5 years probation for the Theft, 90 days imprisonment (suspended) for Wanton Endangerment, imposed on February 21, 2001. Probation revoked, 1 year imprisonment imposed on January 28, 2003.

3. Receiving Goods or Services Obtained by Fraud; Whitley County Circuit Court: 1 year imprisonment to be served consecutive to prior probation revocations, imposed on January 28, 2003.[4]

4. Disorderly Conduct and Contempt; Whitley County Circuit Court: 60 days jail, conditionally discharged for 2 years with fine and costs, imposed on February 27, 2002. Contempt for non-payment of costs, 60 days to serve, imposed on November 26, 2003.

5. Operating on Suspended/Revoked License; Laurel County District Court: 30 days jail with 30 days conditionally discharged for 2 years imposed on January 18, 2002.

*Id.* at 15-16; *see also* D.E. 254 at 14-15. Defendant alleges that Edwards's failure to object resulted in an enhanced sentence because of an increase of nine points due to these five prior convictions to his criminal history score. D.E. 290-1 at 16.

Defendant's claim fails because he cannot establish deficient performance of counsel or prejudice. U.S.S.G. § 4A1.1 advises district courts to add three points for each prior sentence of imprisonment exceeding one year and one month, two points for each prior sentence of at least sixty days not previously counted, and one point for each prior sentence not counted previously. U.S.S.G. § 4A1.1(a)-(c) (2011). Additionally, § 4A1.2(e) provides the applicable time periods for this calculation. Any prior sentence of imprisonment exceeding one year and one month counts, if imposed within fifteen years of the defendant's commencement of the instant offense. U.S.S.G. § 4A1.2(e)(1) (2011). Moreover, any prior sentence of imprisonment exceeding one

---

[4] Defendant's PSR lists the date of the imposition of this sentence as January 28, 2001. D.E. 54 at 15. However, this appears to be a typographical error as this date would be before the date of arrest for this offense which was September 10, 2001. *Id.* Moreover, the sentence was to be served consecutive to certain probation revocations, which were imposed on January 28, 2003. *Id.* at 14. Therefore, the correct date for the imposition of this sentence was January 28, 2003.

year and one month, whenever imposed, that resulted in defendant being incarcerated during the fifteen year period prior to the defendant's commencement of the instant offense is counted. *Id.* Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted. U.S.S.G. § 4A1.2(e)(2) (2011). Any prior sentence not within the time periods specified is not counted. U.S.S.G. § 4A1.2(e)(3) (2011).

Defendant was convicted, in Count 1 of the second superseding indictment, of conspiracy to distribute a quantity of pills containing oxycodone, which began in December 2008 and continued through March 2011. D.E. 140 at 1. Three of the five prior convictions (numbers 3, 4, and 5 above) that Defendant relies upon were for offenses with sentences of less than thirteen months that were imposed in 2002 and 2003. *See* D.E. 254 at 15. Because each of these sentences was less than thirteen months, the applicable time period is imposition of the term of imprisonment within ten years of Defendant's commencement of the instant offense. *See* U.S.S.G. § 4A1.2(e)(2) (2011). Because each sentence for these three offenses was imposed within the ten years prior to December 2008, they were properly included in the calculation, and added five points under the Guidelines.

The other two sentences upon revocation of probation (numbers 1 and 2 above) were properly included even though the conduct that gave rise to the original sentence occurred in 1998 or earlier. Each probationary sentence was not imposed until February 21, 2001. *Id.* at 14. Defendant's probation was revoked in 2003 and he was sentenced to one year imprisonment for each revocation. *Id.* For revocation of probation, pursuant to § 4A1.2(k)(1), the original term of imprisonment, if any, is added to the term of imprisonment upon revocation and the resulting total is used to compute the criminal history points for § 4A1.1. U.S.S.G. § 4A1.2(k)(1) (2011). Here, because the original imprisonment terms were suspended, that total for each revocation

19

would be one year.  D.E. 254 at 14; *see* U.S.S.G. § 4A1.2(b)(2) ("[i]f part of a sentence of imprisonment was suspended, "sentence of imprisonment" refers only to the portion that was not suspended.").   Thus, the applicable time period is dependent upon the date of the original sentence.  U.S.S.G. § 4A1.2(k)(2) (2011) (citing § 4A1.2(e)(2)).  Because the original sentences were imposed in February 2001, they were imposed within ten years of the defendant's commencement of the oxycodone conspiracy and therefore were properly included in his criminal history calculation, meaning four points were added.

Moreover, these two revocations, even if improperly included, would not have affected his criminal history category.  Defendant's total criminal history points were 21, establishing a criminal history category of VI.  D.E. 254 at 17.  If the probation revocation convictions were not included, his criminal history points would have been 17.  In order to lower his criminal history category from VI to V, his criminal history points would have to have been at 12 or less.  U.S.S.G. Sentencing Table (2011).  Therefore, even if the probation revocations were improperly included, his criminal history category would have remained the same, and thus his Guidelines Range would have remained unchanged.

Therefore, any argument objecting to the calculation of Defendant's criminal history in his presentence investigation report would have had no legal merit.  "[C]ounsel's failure to raise futile objections and arguments does not amount to constitutionally deficient performance." *Lyons v. Caruso*, 202 F.3d 269, at *3 (6th Cir. 1999) (Table).  Thus, it was not deficient performance for counsel to elect to not raise futile arguments about these prior convictions.  Because such arguments would have had no merit, Defendant cannot establish prejudice.  This claim fails.

### 4.  Ground Four: Prejudice from the Cumulative Errors of Counsel

Finally, Defendant alleges that "in light of the cumulative errors of counsel, there is a reasonable probability that but for counsel's errors, the outcome would have been different." D.E. 290-1 at 17-18.   Again, Defendant asserts that counsel "failed to adequately advise [Defendant] whether to accept a plea agreement or enter an open plea."  *Id.* at 17.   According to Defendant, "under a cumulative error framework…the representation of trial counsel is one of deficient performance under prevailing professional norms."  *Id.*

This claim does not entitle Defendant to relief.  As discussed above, the Court finds that there are no errors of counsel that resulted in ineffective assistance of counsel.   Therefore, Defendant's claim for cumulative error lacks merit.  *See Getsy v. Mitchell*, 495 F.3d 295, 317 (6th Cir. 2007) (citing *Baze v. Parker*, 371 F.3d 310, 330 (6th Cir. 2004)) ("[Petitioner's] cumulative-error claim therefore fails because there are simply no errors to cumulate.").   This claim fails.

### III.  AN EVIDENTIARY HEARING IS NOT REQUIRED

"An evidentiary hearing is required unless 'the record conclusively shows that the petitioner is entitled to no relief.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996)).  "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."  *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."  *Id*.

Here, the record conclusively shows that Defendant is entitled to no relief, and a hearing would not enable Defendant to prove otherwise. Thus, an evidentiary hearing is not required.

## IV.  RECOMMENDATION

For the reasons discussed above, the Court **RECOMMENDS** that the District Court **DENY** Defendant's motion (D.E. 290) for 28 U.S.C. § 2255 relief.    The Court also **RECOMMENDS** that the District Court **DENY** a Certificate of Appealability as to all claims.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute.  *See also* Rules Governing Section 2255 Proceedings, Rule 8(b).  Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court.  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 10th day of December 2015.

Signed By:

*Hanly A. Ingram*

United States Magistrate Judge