UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | No. 6:11-CR-25-GFVT-HAI-2 |
| ) | No. 6:15-CV-07403-GFVT-HAI |
| v. ) | |
| ) | SUPPLEMENTAL RECOMMENDED |
| DOYLE STANFORD FRITTS, ) | DISPOSITION |
| ) | |
| Defendant/Movant. ) | |
| ) | |
| ) | |

*** *** *** ***

On May 26, 2015,[1] federal prisoner Doyle Stanford Fritts, proceeding *pro se*, filed a motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. D.E. 290. The undersigned issued a Recommended Disposition recommending that District Judge Van Tatenhove deny Defendant's § 2255 motion. D.E. 307. That Recommended Disposition is pending for consideration by the presiding District Judge. On June 30, 2016, Defendant mailed a letter to the Court stating that "Johnson and Welch" should apply to the Guideline enhancements in his case, and that he should not have received "a 4-point inhancement [sic]." D.E. 313. Judge Van Tatenhove construed the letter as a motion to vacate his sentence under § 2255. D.E. 312.

Under Rule 4 of the Rules Governing Section 2255 Proceedings, the Court must conduct a prompt "preliminary review" of the motion. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Id.*; *see also* 28 U.S.C. § 2255(b) (permitting dismissal of a § 2255 motion when "the files and records of the case conclusively show that the

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray,* 290 F.3d 810, 812-13 (6th Cir. 2002). Though the Motion was not docketed until June 2, 2015, Fritts affirmed under penalty of perjury that he placed the Motion in the prison mailing system on May 26, 2015. D.E. 290 at 6-7.

prisoner is entitled to no relief"). Because Defendant's motion plainly lacks merit and is time-barred, it must be denied.[2]

## I. Discussion

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255. To prevail on a § 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

The Court recognizes that Defendant is proceeding *pro se*, without the assistance of an attorney. The Court construes *pro se* motions more leniently than other motions. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

Liberally construed, Defendant's motion purports to argue that the sentence in his case is incorrect based upon *Johnson v. United States*, 135 S. Ct. 251 (2015). The Court in *Johnson* recognized a new right that has been made retroactively applicable to cases on collateral review.

---

[2] The Court notes that Defendant's construed motion is also likely untimely. Pursuant to 28 U.S.C. § 2255(f), a motion must be filed within one year from "the date on which the judgment of conviction becomes final." Defendant's judgment became final on May 28, 2015, when the time for filing a petition for certiorari appealing the Sixth Circuit's denial of his appeal expired. *See* D.E. 270; Rules of the Supreme Court of the United States Rule 13. Moreover, because Defendant's motion does not "relate back" to his original § 2255 motion, he cannot take advantage of the prior motion's timeliness. *See* Fed. R. Civ. P. 15(c) (stating than an amendment relates back to the date of the original pleading if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out…in the original pleading."). In Defendant's original § 2255 motion, he asserted four grounds for relief all based on ineffective assistance of counsel, thus, his motion based upon *Johnson* is not related to any of those claims. Moreover, as analyzed herein, Defendant's claim in his construed motion lacks merit, and therefore cannot be timely pursuant to §2255(f)(3), which provides a later statute of limitations based upon a right initially recognized by the Supreme Court and made retroactive to cases on collateral review. While *Johnson* claims have been made retroactive to cases on collateral review, *Johnson* does not apply to Defendant's case and therefore it cannot be timely under § 2255(f)(3).

*Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).  The holding of *Johnson* was that the "residual clause" portion of the definition of "violent felony" in the Armed Career Criminal Act (18 U.S.C. § 924(e)(1)) was unconstitutionally void for vagueness.  Moreover, *Johnson* has been held by the Sixth Circuit to also apply to Career Offender sentences under the USSG §4B1.1.  *United States v. Pawlak*, __ F.3d __, No. 15-3566, 2016 WL 2802723 (6th Cir. May 13, 2016); *see also United States v. Stephens*, No. 15-5553, 2016 WL 3194689, at *1 (6th Cir. June 9, 2016).  The Court in *Pawlak* joined the majority of Circuits "in invalidating the Guidelines' 'residual clause' as unconstitutionally vague."  *Pawlak*, 2016 WL 2802723, at *1.  The Court held that *Johnson* applied to the clause in USSG § 4B1.2(a)(2) that was "textually identical" to the Armed Career Criminal Act's residual clause.  *Id*. at *1, *4.[3]

However, upon review of Defendant's PSR, the transcript of his sentencing, and judgment in his case, Defendant was not subject to the Armed Career Criminal Act, and was not subject to a career offender enhancement under §4B1.1.  *See* D.E. 254 at 12 (PSR noting that there are no Chapter Four Enhancements); D.E. 269 at 40 (The prosecutor noting that Defendant is "not an armed career criminal and [Defendant is] not a career offender); *id*. at 51 (Judge Van Tatenhove noting that Defendant "avoided a status as a career offender.").  Thus, *Johnson* or *Pawlak* have no application to Defendant's case.  In this case, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Because "it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion."  Rules Governing Section 2255 Proceedings, Rule 4.  Defendant's construed motion (D.E. 313) fails.

---

[3] *Pawlak*'s retroactivity is, at this point, unsettled.  The Court need not determine whether Defendant can benefit from *Pawlak* because, even if *Pawlak* is retroactive, its holding does not apply to his case.

3

## II. Conclusion

Having conducted a preliminary review, the undersigned finds that Defendant's argument plainly meritless. *Johnson* and *Pawlak* are not applicable to his case, and thus he is entitled to no relief. The undersigned therefore **RECOMMENDS** that Defendant's motion (D.E. 313) be **DENIED** on the merits. The Court also **RECOMMENDS** that the District Court **DENY** a Certificate of Appealability as to the claim.

In certain circumstances, prior notice of dismissal is required. *Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015); *see also Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000) (explaining that when the court's *sua sponte* dismissal is based on procedural grounds, "the district court must provide notice and an opportunity to be heard prior to dismissal," but when "the dismissal is based on the merits . . ., no prior notice is required"). *Shelton* recognizes that a petitioner's opportunity to object to a Magistrate Judge's Recommended Disposition satisfies the notice requirement. *Shelton*, 800 F.3d at 295.

Thus, any objection to, or argument against, denial must be asserted properly and in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 1st day of July, 2016.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge