UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Crim No.: 6:11-cr-0025-GFVT-HAI-2 |
| | ) | Civil No.: 6:15-cv-07403-GFVT-HAI |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DOYLE STANFORD FRITTS, | ) | **&** |
| | ) | **ORDER** |
| Defendant/Petitioner. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on two Recommended Dispositions filed by United States

Magistrate Judge Hanly A. Ingram. The Defendant, Doyle Fritts, first filed a *pro se* motion to

vacate his sentence pursuant to 28 U.S.C. § 2255. [R. 290.] Judge Ingram reviewed the motion,

and prepared a Recommended Disposition. [R. 307.] Mr. Fritts filed objections to this

Recommendation. [R. 310.] Shortly after, Mr. Fritts filed another *pro se* motion to vacate his

sentence under 28 U.S.C. § 2255. [R. 313.] Judge Ingram prepared a Supplemental

Recommended Disposition for Mr. Fritts' second motion. [R. 316.] Mr. Fritts did not file any

objections to Judge Ingram's Supplemental Recommended Disposition.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after

service to register any objections to the Recommended Disposition or else waive his rights to

appeal. In order to receive *de novo* review by this Court, any objection to the recommended

disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific

objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s]

problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that

fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Mr. Fritts filed timely objections to the initial Recommended Disposition. [R. 310.] The Court acknowledges its duty to review Mr. Fritts's filings under a more lenient standard than the one applied to attorneys because he is proceeding pro se. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). Under this more lenient construction, the objections are sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Mr. Fritts's objections will be **OVERRULED**. However, because Mr. Fritts failed to make timely objections to Judge Ingram's Supplemental Recommended Disposition, this Court is not obligated to conduct a *de novo* review, and the Supplemental Recommended Disposition will be **ADOPTED**.

Mr. Fritts also recently filed a letter with this Court, requesting a review of his motions under § 2255. [R. 326.] In this letter, Mr. Fritts does not indicate any additional grounds for relief other than those already addressed in his 2015 and 2016 motions. *Id.* To the extent that this letter could be construed as a motion, it will be **DENIED AS MOOT**.

2

**I**

Judge Ingram sets forth the factual and procedural background of the case in his initial Recommended Disposition. The Court mentions only key facts to frame its discussion and analysis, incorporating Judge Ingram's discussion of the record into this Order.

Mr. Fritts was charged with two counts of conspiracy to distribute a quantity of pills containing oxycodone, one count aiding and abetting distribution of a quantity of pills containing oxycodone, one count possession of a firearm by a convicted felon, and one count obstruction of justice. [R. 140.] The Court appointed Eric Edwards as counsel for Mr. Fritts, pursuant to the Criminal Justice Act. [R. 2.] A jury found Mr. Fritts guilty of the three counts related to the distribution of oxycodone, as well as guilty of possession of a firearm by a convicted felon, but acquitted him on obstruction of justice. [R. 202.] Based on an offense level of twenty-eight and a criminal history category of VI, Mr. Fritts's Guidelines Range was 140 to 175 months imprisonment. [R. 254.] This Court sentenced him to 180 months each as to the three charges relating to oxycodone distribution and 120 months as to the possession of a firearm, all to run concurrently for a total of 180 months. [R. 251.]

Mr. Fritts appealed, and on February 27, 2014, the United States Court of Appeals affirmed his conviction. [R. 270.] He did not petition for a writ of certiorari to the Supreme Court of the United States. [R. 307 at 3.] On May 26, 2015, Mr. Fritts filed his first Motion to Vacate pursuant to § 2255, alleging four claims relating to ineffective assistance of counsel. [R. 290-1.] On December 10, 2015, Judge Ingram issued a Report and Recommendation, recommending all four of Mr. Fritts's claims be denied and finding that an evidentiary hearing was not required. [R. 307.] Mr. Fritts objected to that Recommendation. [R. 310.] Several months later, on June 30, 2016, Mr. Fritts filed a second Motion to Vacate under 28 U.S.C. §

2255, this time alleging he should not have received "a 4-point inhancement [sic]" pursuant to

*Johnson v. United States*, 135 S.Ct. 251 (2015) and *Welch v. United States*, 136 S. Ct. 1257

(2016).  [R. 313.]  Judge Ingram found that neither *Johnson* nor *Welch* applied to Mr. Fritts and

issued a Supplemental Recommended Disposition, recommending this Court deny Mr. Fritts's

June 30, 2016 Motion.  [R. 316.]  Mr. Fritts did not object to the Supplemental Recommendation.

Since filing his initial § 2255 motion, Mr. Fritts has submitted numerous letters to this Court,

requesting consideration of his claims.  [R. 311; R. 319; R. 321; R. 326; R. 328; R. 329.]

## II

As to Mr. Fritts's initial Motion to Vacate [R. 290], filed on June 2, 2015, Judge Ingram

outlined Mr. Fritts's four claims as follows:

> (1) Ineffective assistance of Counsel during Plea Negotiations which caused Defendant to Reject the Government's Plea Offer.
> (2) Ineffective Assistance of Counsel for Failing to Advise Defendant of possibility of entering an Open Plea.
> (3) Ineffective Assistance of Counsel for Filing to Object to the Inclusion of Convictions too old to be used in Defendant's Criminal History Calculation.
> (4) Prejudice from Cumulative Errors of Counsel.

[R. 307 at 4.]  Judge Ingram thoughtfully considered each of these claims and this Court is in

agreement with his conclusions.  We now turn to Mr. Fritts's specific objections to the Report

and Recommendation.

## A

Mr. Fritts first objects to Judge Ingram's application of *Strickland v. Washington* as it

relates to his first claim of ineffective assistance of counsel during plea negotiations, specifically

in June 2011.  [R. 310 at 3.]  Under *Strickland*, a defendant must prove both deficient

performance and prejudice to assert successfully an ineffective assistance of counsel claim.  466

U.S. 668, 687 (1984); *Pough v. United States*, 442, F.3d 959, 964 (6th Cir. 2006).  Judge Ingram

determined that Mr. Edwards did not render deficient performance, because the calculations and advice in Mr. Edwards's June 2, 2011, letter was correct. [R. 307 at 9.] Thus, Mr. Fritts failed to meet the first part of the *Strickland* standard by failing to prove deficient performance.

*Strickland* requires both proof of deficient performance and proof of prejudice. 466 U.S. at 687. Thus, after determining Mr. Fritts has not provided proof of deficient performance, he cannot succeed on a claim of ineffective assistance of counsel, regardless of whether he could provide evidence of potential prejudice. *Id.* Though not required, Judge Ingram analyzed the second prong of *Strickland*, demonstrating that even if Mr. Fritts could have proven deficient performance, he could not demonstrate prejudice, and thus, still failed to meet the *Strickland* threshold. *Id.* ("Assuming arguendo that somehow Edwards was deficient in the June 2011 communications, there was no reasonable probability that, but for this deficient performance, Defendant would have plead guilty."). Mr. Fritts claims that Judge Ingram, by considering the alternative, has acknowledged "deficient performance." [R. 310 at 3.] This is simply incorrect. Judge Ingram clearly determines that Mr. Edwards's counsel was in no way deficient, even if Mr. Edwards could not. He states, "However, [the fact that Mr. Edwards could not clearly predict whether the career offender sentencing enhancement would apply], even if true, does not rise to the level of deficient performance of counsel." [R. 307 at 12.] Judge Ingram continues:

> Here, based on Defendant's own allegations, counsel correctly advised Defendant on the different sentencing possibilities, including the career offender enhancement and the corresponding imprisonment ranges from the Guidelines. At the point in plea negotiations challenged by Defendant, any prediction regarding his ultimate Guidelines Range would have been inexact, so an inability to definitely advise as to whether the career offender enhancement applied is not deficient performance.

*Id.* at 12–13. Therefore, Mr. Fritts's assertion that Judge Ingram acknowledges such a deficiency is incorrect. Mr. Fritts's first objection is overruled.

**B**

Next, Mr. Fritts objects to the Recommended Disposition because Judge Ingram determined that an evidentiary hearing was not required. [R. 310 at 4.] Mr. Fritts points to Judge Ingram's determination that "there is no evidence that a plea agreement with those terms [of a Guidelines range of 24–30 months] was ever offered." *Id.* In this portion of the Recommendation, Judge Ingram, having previously established that Mr. Fritts failed to demonstrate deficient performance under *Strickland*, then determined that Mr. Fritts also failed to demonstrate prejudice. [R. 307 at 9.] Mr. Fritts claims that the lack of evidence requires an evidentiary hearing, since such a hearing could enable him to prove these allegations. [R. 310 at 4.] We disagree.

First, Judge Ingram already determined that Mr. Fritts failed to demonstrate the first prong of *Strickland v. Washington*, which requires a defendant to prove *both* deficient performance and prejudice to assert successfully an ineffective assistance of counsel claim. 466 U.S. 668, 687 (1984) (emphasis added); *Pough v. United States*, 442, F.3d 959, 964 (6th Cir. 2006). Without proof of deficient performance, which this Court has already upheld, Mr. Fritts's claim fails, even if he could demonstrate prejudice. "If the record refutes the applicant's factual allegations *or otherwise precludes habeas relief*, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Having already determined that *Strickland* would not apply, Judge Ingram, and this Court, determined that the record otherwise precludes habeas relief, and is therefore not required to hold such a hearing.

Even so, the record refutes Mr. Fritts's factual allegations. No hearing is required when a petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*,

178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). The June 2, 2011, letter only mentioned Mr. Edwards "discussing plea possibilities with the prosecutor," not the extension of any plea offer. [R. 290-2 at 2.] In fact, the letter established that Mr. Edwards did not yet "have an answer" as to the possibilities of a plea, indicating that there had been no plea offer at that point. *Id.* Here, Mr. Fritts presented only a conclusion that he would have accepted a plea offer had one been extended. He failed to provide any proof that one was ever prepared to the specifications he claims.

### III

After reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Ingram's thorough analysis of Mr. Fritts's claims. The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . ." Rules Governing Section 2255 Proceedings, Rule 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." See *Slack v. McDaniel,* 529 U.S. 473, 484; *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that this order, which adopts and incorporates by reference the Magistrate Judge's Recommendation, is not debatable enough to issue a certificate of appealability. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1.     Defendant/Movant Doyle Fritts's Objections to the Recommended Disposition [**R. 310**] are **OVERRULED**;

2.     The Magistrate Judge's Recommended Disposition [**R. 307**] is **ADOPTED** as and for the Opinion of this Court;

3.     The Magistrate Judge's Supplemental Recommended Disposition [**R. 316**] is **ADOPTED** as and for the Opinion of this Court;

4.     The Defendant's Motion to Vacate [**R. 290**] and his Supplemental § 2255 Motion to Vacate, Set Aside, or Correct his Sentence [**R. 313**] are **DISMISSED WITH PREJUDICE**;

5.     To the extent Defendant's letter dated September 18, 2017, can be construed as a motion, Defendant's Motion [**R. 326**] is **DENIED AS MOOT**;

6.     A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

7.     **JUDGMENT** in favor of the United States will be entered contemporaneously herewith.

This the 1st day of February, 2018.

Gregory F. Van Tatenhove
United States District Judge